**HODGSON RUSS LLP**
Deborah J. Piazza, Esq.
60 East 42nd Street, 37th floor
New York, New York 10165
(212) 661-3535


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

                                          Chapter 11

JNL FUNDING CORP.                       Case No. 10-73724 (AST)

             Debtor.


-------------------------------------------------------x

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF CONSENSUS ADVISORY SERVICES LLC AS FINANCIAL ADVISORS TO THE EXAMINER

Christopher G. Ellis, the examiner (the "Examiner") appointed to the Chapter 11 case of

JNL Funding, Corp. ("JNL" or "Debtor") submits this application (the "Application"), pursuant

to sections 327(d), 1104(d) and 1106(b) of title 11 of the United States Code ("Bankruptcy

Code"), for an order authorizing the employment and retention of Consensus Advisory Services

LLC ("Consensus") as financial advisor to the Examiner effective as of September 1, 2010, on

the terms and conditions set forth herein and in the Affidavit of Christopher G. Ellis, sworn to on

September 9, 2010 (the "Ellis Affidavit") attached hereto as Exhibit A, and in support thereof

respectfully states as follows:

## BACKGROUND

1. On May 14, 2010, a voluntary petition was filed by the Debtor for relief with this Court under Chapter 11 of the Bankruptcy Code.

2. A Decision and Order Directing the Appointment of an Examiner was entered by this Court on August 26, 2010.

3. An Order was entered on September 7, 2010 appointing Christopher G. Ellis as Examiner pursuant to section 1104(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Application is proper in this district pursuant to 28 U.S.C.§§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(d), 1104(d), and 1106(b) of the Bankruptcy Code.

## RELIEF REQUESTED

5. Consensus is a boutique investment banking and financial advisory firm with extensive experience in working with financially troubled companies, providing advice on restructuring, capital raising, and operational and strategic consulting services. Consensus professionals additionally have experience working with various Chapter 11 constituencies and examiners in large complex bankruptcy cases. The knowledge and depth of experience that Consensus possesses with respect to forensic financial investigations is invaluable to the Examiner.

6. Moreover, Consensus has familiarized itself with the Debtors' pre-petition financial activities and began rendering services to the Examiner as of September 1, 2010. For that reason, the Examiner requests that the Court authorize Consensus's retention effective as of September 1, 2010.

7.     The Examiner believes that Consensus is well-qualified to serve as financial advisors to the Examiner and that the retention of Consensus is in the best interest of the Estate and the unsecured creditors.

## COMPENSATION AND SERVICES TO BE RENDERED

8.     Subject to Court approval, and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to Consensus on an hourly basis. Consensus's services to the Examiner will be provided by a team of professionals led by the Examiner. The hourly billing rates for these individuals and their colleagues are as follows:

| | |
|---|---|
| CEO/President | $475.00 |
| Managing Directors | $450.00 |
| Directors/VPs | $400.00 |
| Associates | $325.00 |
| Paraprofessionals | $110.00 |

9.     Consensus will also seek reimbursement of the actual and necessary expenses it incurs in connection with its work on behalf of the Examiner in these cases. Consensus only seeks reimbursement for actual, out-of-pocket expenses incurred in favor of third-parties, and does not charge for internal telecommunications, document production or general office services.

## CONSENSUS'S CONNECTION TO THIS CASE

10.     The Examiner has reviewed the Ellis Affidavit, including all of the "connections" in these cases as disclosed therein.  Mr. Ellis, the President of Consensus, is also the Examiner in this case.

11.     Notwithstanding any such connections, the Examiner believes that Consensus is a disinterested person, and does not hold or represent an interest adverse to the Debtor's estate with respect to matters for which Consensus is to be employed, as required by section 327(c) of the Bankruptcy Code.

## SCOPE OF SERVICES

12.     The professional services that it is anticipated Consensus will render to the

Examiner in this proceeding include the following:

      a.      investigating alleged transfers made to Forgione's personal accounts and to accounts of entities owned and/or controlled by Forgione, or parties related to Forgione, using the proceeds of TFC's revolving loan advances to Debtor;

      b.      investigating alleged diversions by Forgione of millions of dollars of TFC's revolving loan advances to Debtor from Debtor's bank accounts to Forgione's personal accounts, allegedly denominated as "Forgione d/b/a JNL Funding," which funds were then allegedly used by Forgione to make payments to individuals or entities who allegedly made "loans" or "investments" to Forgione personally, as distinguished from loans to or investments in the Debtor;

      c.      investigating alleged loans made by Debtor to its clients that were supposed to be supported by independent appraisals, but were not supported by legitimate appraisals; and

      d.      investigating alleged loans made by Debtor of millions of dollars to entities allegedly owned and/or controlled by the Debtor and/or Forgione personally; these entities allegedly include, but are not limited to (i) Hampton Square Realty, LLC ("Hampton Square"); (ii) Windsor Development Corp. ("Windsor"); (iii) Quail Run Development Corp.; and (iv) Stone leigh Woods at Carmel LLC.;

13.     Except as set forth in the Ellis Affidavit, Consensus does not hold or represent

any interest adverse to the Debtors' estates. Consensus is a "disinterested person" as that term is

defined in Section 101(14) of the Bankruptcy Code and Consensus's employment is necessary

and in the best interests of the Debtor's estate.

## CONCLUSION

WHEREFORE, based on the foregoing, the Examiner respectfully requests that this

Court enter an Order pursuant to sections 327(d), 1104(d) and 1106(b) of the Bankruptcy Code,

substantially in the form submitted herewith, authorizing the retention of Consensus as his

financial advisors effective as of September 1, 2010 pursuant to the terms set forth in the

Application and Ellis Affidavit, and granting such other and further relief as this Court deems

just and proper.

Dated: New York, New York
      September ___, 2010

Christopher G. Ellis, Chapter 11 Examiner
Of the JNL Funding Corp. Bankruptcy

Christopher G. Ellis
1325 Avenue of the Americas
New York, New York 10019
     -and-
73 Newbury Street
Boston, MA 02116
(617) 437-6516

000161/01261 Litigation 7602777v2